UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEAN MAX DARBOUZE,<br><br>Plaintiff,<br><br>v.<br><br>LOS ANGELES COUNTY SHERIFF, et al.,<br><br>Defendants. | No. 2:18-cv-02964-CJC (JDE)<br><br>ORDER ACCEPTING AMENDED SUPERSEDING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the records on file, including the Complaint (Dkt. 1) filed by Plaintiff Jean Max Darbouze ("Plaintiff"), Plaintiff's First Amended Complaint (Dkt. 15), Plaintiff's Second Amended Complaint (Dkt. 25), Plaintiff's Third Amended Complaint (Dkt. 32), Plaintiff's operative Fourth Amended Complaint (Dkt. 40, "4thAC"), the Motion to Dismiss the 4thAC (Dkt. 46, "Motion") filed on July 13, 2020 by the sole Defendant named in the 4thAC, Stephan Christopher ("Defendant"), the assigned Magistrate Judge's Order that any opposition to the Motion be filed by August 14, 2020 (Dkt. 50), the initial Report and Recommendation as to the Motion issued by the Magistrate Judge on September 22, 2020 after Plaintiff failed to timely oppose the Motion (Dkt. 58), Plaintiff's belated

October 9, 2020 Motion for an Extension of Time to file a late Opposition to the Motion (Dkt. 62), the Magistrate Judge's Order vacating the initial Report and Recommendation as to the Motion and granting Plaintiff until October 28, 2020 to file his Opposition to the Motion (Dkt. 64), Plaintiff's Opposition to the Motion (Dkt. 67), Defendant's Reply in support of the Motion (Dkt. 68), the Amended Superseding Report and Recommendation as to the Motion issued by the Magistrate Judge on November 18, 2020 (Dkt. 71, "Amended Report"), Plaintiff's "Opposition to Defendants Motion to Dismiss and the [Amended Report]," which the Court broadly interprets to be Plaintiff's objections to the Amended Report (Dkt. 79, "Objections"), and Defendant's Reply to the Objections (Dkt. 80).

With respect to his Objections, to the extent Plaintiff refers to them as an "opposition" to the Motion, Plaintiff has already filed an opposition to the Motion and no additional opposition is permitted under the Local Rules. As a result, the Court construes Plaintiff's Objections as objections to the Amended Report, not as an untimely and improper second opposition to the Motion. Further, Plaintiff included with the Objections his own declaration and a declaration of a third party. The Court broadly construes the declarations as part of Plaintiff's Objections to the Amended Report.

By the declarations and exhibits submitted with the Objections, Plaintiff purports to offer new "evidence" to oppose the Motion. The Court has discretion but is not required to consider new evidence offered for the first time with objections to a Report and Recommendation. See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). The Court exercises its discretion to consider the new evidence submitted by Plaintiff, but finds such evidence unavailing to successfully challenge the findings and recommendations in the Amended Report upon a de novo review. The new evidence set forth in the declarations submitted with the Objections appears to

relate to equitable tolling or equitable estoppel. See Dkt. 79 at 3-6, 8-17. As set forth in the Amended Report, where, as here, a time-bar appears on the face of the complaint, the plaintiff has an obligation to plead facts to negative the bar. See Amended Report at 13 (citing cases). Further, Plaintiff's statement that he misunderstood or even was misled as to the law relating to statutory tolling or that persons other than Defendant threatened him (Dkt. 79 at 3-5), such evidence does not alter the analysis that Plaintiff is not entitled to tolling based on equitable estoppel as Plaintiff does not allege Defendant caused Plaintiff's delay in filing. See Amended Report at 18-19. To the extent Plaintiff references (Dkt. 79 at 5) or attaches records relating to medical or mental health issues he currently suffers from or suffered from in 2018 and 2020 (id. at 15-17), such evidence does not alter the equitable tolling analysis set forth in the Amended Report, including the requirement that Plaintiff show timely notice and absence of prejudice. See Amended Report at 14-16. Finally, to the extent Plaintiff now seeks tolling based on a grievance or grievances he filed with the Los Angeles County Sheriff's Department, the two pages of forms, one of which is largely illegible, do not show, even liberally construed, any period of delay caused by the evaluation of any grievance that would sufficiently toll the limitations period by the more than eight months necessary to render the original Complaint timely filed. See Amended Report at 9, 16-18. The significance of the exhibits attached to Plaintiff's Objections regarding complaints he made about not receiving mail is not readily apparent and such documents do not alter the Court's analysis. Lastly, the vague assertions by Plaintiff and a third party that the third party could draft a Fifth Amended Complaint to overcome the defects in the Fourth Amended Complaint is wholly conclusory and does not cause the Court to disagree with the recommendation that further leave to amend here is not warranted as Plaintiff

has had five chances to plead a viable complaint and had months to offer arguments in opposition to the Motion.

The Court has engaged in a de novo review of those portions of the Amended Report to which objections have been made and has considered the new evidence offered for the first time with Plaintiff's Objections. The Court accepts the findings and recommendation of the magistrate judge.

Therefore, IT IS HEREBY ORDERED that:

1. The Motion (Dkt. 46) is GRANTED and all claims are dismissed with prejudice; and
2. Judgment shall be entered dismissing this action accordingly.

Dated: January 13, 2021

_____
CORMAC J. CARNEY

United States District Judge

4